UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>HOKU CORPORATION,<br><br>Debtor. | Case No. 13-40838 JDP<br><br>Chapter 7 |
| R. SAM HOPKINS, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>REACH AMERICA, LLC, a division of REACH AMERICA ESG, LTD., a California limited liability company; and John Does 1 through 10,<br><br>Defendants. | Adversary Case No. 15-08109-JDP |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the Motion for Default Judgment (the "Motion") (Doc. 8) by Plaintiff, R. Sam Hopkins, Chapter 7 Trustee, the *Affidavit of R. Sam Hopkins, Trustee In Support of Default Judgment* (Doc. 9), the well-pleaded allegations asserted in the Complaint, the offer(s) of proof and related exhibits presented, and admitted, at the hearing on the Motion held on December 2, 2015, the Court hereby makes these Findings of Fact and Conclusions of Law in support of Default Judgment against the above captioned Defendant(s), as follows:

### FINDINGS OF FACT

1. The Complaint (Doc. 1) against Defendant(s) was not amended.

2. Service was affected via first-class U.S. Mail upon Defendant on June 16, 2015, as detailed in the Summons, Service Executed (Doc. 5) and on pages 6-7 of Plaintiff's *Memorandum in Support of Motion for Default Judgment* (Doc. 13).

3. On September 28, 2011, the sum of $89,700.00 was transferred from Hoku Corporation's Industrial and Commercial Bank of China, New York Branch account to Reach America, LLC as the beneficiary. Ex. 100.

4. The Supply Agreement is between Reach America, LLD (sic) and Hoku Materials, Inc. Ex. 101, pp. 1-14.

5. The purchase order is from Hoku Materials, Inc. Ex. 101, p. 15.

6. The Supply Agreement termination is between Reach America, LLD (sic) and Hoku Materials, Inc. Ex. 101, p. 16.

7. As noted in its Quarterly Report for the quarter ended June 30, 2010, filed with the United States Securities and Exchange Commission, Hoku Materials, Inc. is a wholly owned subsidiary of Hoku Corporation, and was incorporated in February 2007. Ex. 112 at p. 2, Paragraph 1(a).

8. As noted in its Registration Statement to Form S-1, filed with the United States Securities and Exchange Commission on April 28, 2005, Hoku Corporation, formerly known as Hoku Scientific, Inc.,[1] incorporated in March 2001 and has incurred net losses since its inception, accumulating a deficit of $6.5 million as of March 31, 2005. Ex. 108 at p. 3.

9. As noted in its Quarterly Report for the quarter ended June 30, 2007, filed with the United States Securities and Exchange Commission, Hoku Corporation had net losses for fiscal years 2006 and 2007, with cumulative net losses from its inception

---

[1] As noted in its Quarterly Report for the quarter ended June 30, 2010, filed with the United States Securities and Exchange Commission, Hoku Corporation was formerly known as Hoku Scientific, Inc. Incorporated in Hawaii in March 2001 as Pacific Energy Group, Inc., the Debtor changed its name to Hoku Scientific, Inc. in July 2001. In March of 2010, the Debtor changed its name to Hoku Corporation. Ex. 112 at p. 2, Paragraph 1(a).

through June 30, 2007, accumulating a deficit of $8.6 million as of June 30, 2007.  Ex. 109 at p. 3.

10.   As noted in its Quarterly Report for the quarter ended June 30, 2008, filed with the United States Securities and Exchange Commission, Hoku Corporation had an accumulated a deficit of $12.0 million as of June 30, 2008.  Ex. 110 at p. 2.

11.   Hoku Corporation & Subsidiaries' consolidated 2009 U.S. Corporation Income Tax Return shows negative income as of March 31, 2009 (the end of the Debtor's fiscal year) in the amount of a negative $2.3 million.  Ex. 104.

12.   As noted in its Quarterly Report for the quarter ended June 30, 2009, filed with the United States Securities and Exchange Commission, Hoku Corporation had an accumulated a deficit of $16.1 million as of June 30, 2009.  Ex. 111 at p. 4.

13.   Hoku Corporation & Subsidiaries' consolidated 2009 U.S. Corporation Income Tax Return shows negative income as of March 31, 2010 (the end of the Debtor's fiscal year) in the amount of a negative $4.3 million.  Ex. 105.

14.   As noted in its Quarterly Report for the quarter ended June 30, 2010, filed with the United States Securities and Exchange Commission, Hoku Corporation had cash on hand of $8.3 million, but then-current liabilities of $42.0 million as of June 30, 2010.  Ex. 112 at p. 3.

15.   Hoku Corporation & Subsidiaries' consolidated 2010 U.S. Corporation Income Tax Return shows negative income as of March 31, 2011 (the end of the Debtor's fiscal year) in the amount of a negative $13.0 million.  Ex. 106.

16.   As noted in its Quarterly Report for the quarter ended June 30, 2011, filed with the United States Securities and Exchange Commission, Hoku Corporation had cash

on hand of $17.9 million, but then-current liabilities of $121.6 million, as of June 30, 2011.  Ex. 113 at pp. 4 and 6.

17. Hoku Corporation & Subsidiaries' consolidated 2011 U.S. Corporation Income Tax Return shows negative income as of March 31, 2012 (the end of the Debtor's fiscal year) in the amount of a negative $40.1 million.  Ex. 107.

18. In the Hoku Corporation Summary of Schedules filed with the petition on July 2, 2013, the Debtor had scheduled assets of $493,185.53 and liabilities of $507.8 million.  Ex. 114.

19. Hoku Materials, Inc. also filed its bankruptcy petition on July 2, 2013 and its respective Summary of Schedules indicates that Hoku Materials, Inc. is insolvent with only $7.3 million in assets and $779.0 million in liabilities.  Ex. 115.

20. Hoku Solar, Inc. also filed its bankruptcy petition on July 2, 2013 and while its respective Summary of Schedules indicate no liabilities and $1.0 million in assets, its Claim Register shows significant liabilities in excess of assets.  Compare Ex. 116 with Ex. 118.

21. A declining polysilicon market impacted the polysilicon industry as a whole.  Polysilicon prices, while at a spot price high of $475 per kilogram on February 25, 2008, plummeted to $15.83 per kilogram December 23, 2012.  Ex. 117.

22. At the time of the above reference transfer(s) or subsequent thereto, the Debtor owed significant sums to its own creditors, including Hanwha Solar One Hong Kong Limited and Tianwei New Energy Holdings Co., Ltd.  Ex. 102 (see specifically pp. 4-6; Ex. 103 (see specifically pp. 6-8).

23. Plaintiff served a formal demand for return of the transfer(s) on Defendant on March 10, 2015. Complaint, Paragraph 68.

## CONCLUSIONS OF LAW

24. The Court previously concluded that it has the constitutional authority to grant the Motion. *See Memorandum of Decision* (Doc. 16), incorporating by reference the *Memorandum of Decision* entered in Adversary Case No. 15-08043 (Doc. 19), which rationale is incorporated herein by reference as if set forth in full.

25. The Defendant was properly served with a Summons and copy of the Complaint pursuant Fed. R. Bankr. P. Rule 7004(b)(3).

26. No response has been made, timely or otherwise, to the Complaint by the Defendant.

27. The Court previously concluded that the Defendant was properly served, and that no response has been made to the Complaint. *See Memorandum of Decision* entered in Adversary Case No. 15-08043 (Doc. 19) at 3.

28. The Debtor, Hoku Corporation made the above referenced transfer(s) to the Defendant to pay the debt of its subsidiary, Hoku Materials, Inc.

29. The Debtor, Hoku Corporation was insolvent at the time the above referenced transfer(s) occurred. Idaho Code § 55-911.

30. The Debtor, Hoku Corporation intended to incur debts beyond its ability to pay as the debts became due. Idaho Code § 55-913(1)(b).

31. The Debtor, Hoku Corporation did not receive reasonably equivalent value in exchange for the above referenced transfers. *See In re Northern Merchandise*,

371 F.3d 1056, 1059 (9th Cir. 2004)("The proper focus is on the net effect of the transfers on the debtor's estate, the funds available to the unsecured creditors.")

32. Avoidance of the transfer(s) in the amount of $89,700.00 is appropriate pursuant to 11 U.S.C. § 544(b)(1) and Idaho Code §§ 55-913(1)(b) & 55-914.

33. The gravamen of the action is a "commercial transaction", as that term is defined under Idaho Code § 12-120(3), between Defendant(s) and Hoku Materials, Inc. *See generally Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 136 Idaho 466, 472, 36 P.3d 218, 224 (2001).

34. The attorneys' fees and costs requested by Plaintiff are provided for under Idaho Code § 12-120(3).

35. The Plaintiff is the prevailing party for the purposes of Idaho Code §12-120(3).

36. In the exercise of the Court's discretion, the Court determines that ten percent (10%) of the avoided transfer (not to exceed $10,000.00) constitutes a reasonably attorney fee under the facts of this case and the same is awarded to Plaintiff for attorneys' fees and costs, for an attorney fee award in the amount of $8,970.00.

37. Plaintiff is entitled to pre-judgment interest on the judgment amount at 12% per annum ($29.49 per day) from the date of his demand, March 10, 2015, until the default judgment is entered. As of January 15, 2016 (312 days from Mar. 10, 2015), the total prejudgment interest was $9,201.01. Interest continues to accrue to the date of judgment at $29.49 per day. *See In re Acequia, Inc*. 34 F.3d 800, 818-819 (9th Cir. 1994) and Idaho Code § 28-22-104(1).

38. Default judgment against Defendant shall be entered in Plaintiff's favor in the amount of $89,700.00, plus $8,970.00 for attorneys' fees and costs, plus pre-judgment interest in the amount of $9,201.01 (as of 1/15/2016), for a total judgment amount of $107,871.01.

39. The Plaintiff is further entitled to reasonable post-judgment attorney's fees and costs pursuant to Idaho Code § 12-120(5), in amounts as the Court may subsequently determine upon the filing of a memorandum of attorney's fees and costs with notice to all parties in the above captioned adversary proceeding and opportunity for a hearing thereon.///end of text///

Dated:  January 3, 2016

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

Respectfully submitted:
Maynes Taggart, PLLC
Robert J. Maynes, ISBA No. 6905
Trustee's counsel